**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Barbara Bennett,

       Plaintiff,

v.  **ORDER**
   Civil No. 12-150 ADM/TNL

GE Money,

       Defendant.

_____

Barbara Bennett, Pro se.

Jodie F. Weinstein, Esq., Littler Mendelson, PC, Minneapolis, MN, on behalf of Defendant.

_____

On July 11, 2012, the undersigned United States District Judge heard oral argument on Defendant General Electric Capital Retail Finance Sales Finance's[1] ("Defendant") Motion to Dismiss and Compel Arbitration [Docket No. 5]. Plaintiff Barbara Bennett ("Bennett") alleges Defendant violated federal employment laws by retaliating against her after she complained of racially-motivated harassment and disparate treatment by her supervisor. See generally Compl. [Docket No. 1]; Am. Compl. [Docket No. 14].

Defendant moves to dismiss and compel arbitration arguing that federal court is not the proper place for this lawsuit because Bennett signed an arbitration agreement as a condition of her employment. Specifically, Defendant claims Bennett received a RESOLVE Program Handbook, which includes a several step method for resolving employee-employer disputes that culminates with an agreement to arbitrate, Decl. of Nicole White [Docket No. 10] Ex. A at 5–14, when she began working for Defendant. Defendant furthers claims that the RESOLVE Program was replaced by the SOLUTIONS program, which includes a similar method to resolving

---

[1] The Complaint identifies Defendant as GE Money. Defendant avers its actual name is General Electric Capital Retail Finance Sales Finance.

employee-employer disputes and also includes an agreement to arbitrate. Decl. of Nicole White Ex. C at 5-13. Under the SOLUTIONS program the agreement to arbitrate covers claims against Defendant or its managers acting within the scope of their employment including claims relating to involuntary terminations, employment discrimination, and retaliation. Id. at 18–19.

At oral argument, Bennett confirmed that she had agreed to both the RESOLVE and SOLUTIONS programs during her employment. She agreed the contracts were valid, and her only argument is she believed she could not use the SOLUTIONS program because she was no longer employed by Defendant. The language of the SOLUTIONS program, which specifically provides for arbitration of claims related to terminations, is not limited for use only by employees. Furthermore, Defendant agreed at oral argument that Bennett would still be able to use the SOLUTIONS dispute resolution process. Therefore, the proper place for this dispute is not in federal court but in arbitration as contemplated by the SOLUTIONS program and in which Bennett agreed she will now participate. Defendant's motion is granted.

Based upon all the files, records, and proceedings herein and for the reasons stated on the record at the conclusion of oral argument, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss and Compel Arbitration [Docket No. 5] is **GRANTED**;

2. All claims are **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: July 12, 2012.